¶UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) ) ) | CRIMINAL ACTION |
|  |  | NO. 12-40010-TSH |
| v. | ) ) ) |  |
| LUIS R. VASQUEZ | ) ) ) ) |  |

**MEMORANDUM AND ORDER ON PETITIONER'S MOTION TO CORRECT SENTENCE UNDER 28 U.S.C. §2255**

**September 26, 2016**

**HILLMAN, D.J.**

Petitioner Luis R. Vasquez filed this motion to correct his sentence pursuant to 28 U.S.C. § 2255, alleging that he was misclassified as a career offender under the United States Sentencing Guidelines (U.S.S.G.) § 4B1.1 in light of the Supreme Court's holding in *Johnson v. United States*, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015). Specifically, Mr. Vasquez asserts that, i) *Johnson* sets forth a substantive, and therefore retroactive, rule that applies to the U.S.S.G.; and ii) his career offender designation relied on a Massachusetts conviction for resisting arrest that no longer qualifies as a predicate offense post-*Johnson*.

Both issues were recently considered by Judge Talwani in *Stampley v. United States*, 2016 WL 4727136, which is procedurally similar to the instant case: both Stampley and Vasquez were qualified as career offenders based on predicate convictions for possession with intent to distribute cocaine and resisting arrest. Citing to the Sentencing Guideline's "central role in sentencing,"

*Molina-Martinez v. United States*, 136 S.Ct. 1338, 1345 (2016), and the statistic that in "less than 20% of cases since 2007 have district courts imposed above- or below-Guidelines sentences absent a Government motion," *id.* at 1346 (internal quotation marks and citation omitted), Judge Talwani concluded that

> [t]he Supreme Court's guidance and this court's experience with the Guidelines indicate that Johnson's rule as to the Sentencing Guidelines is not a procedural rule. Because the Guidelines so heavily anchor a sentencing judge's reasoning and discretion, a rule that removes some offenders from the career offender classification for sentencing " 'alters ... the class of persons the law punishes.' " *Welch* [*v. United States*], 136 S. Ct. [1257,] 1264-65 [(2016)] (quoting *Schriro* [*v. Summerlin*], 542 U.S. [348,] 353 [(2004)]). The rule announced in *Johnson* as applied to the Guidelines is a substantive rule and therefore applies retroactively.

*Stampley*, 2016 WL 4727136 at *3.

With respect to the resisting arrest predicate, Judge Talwani found that, were the Massachusetts statutes, Mass. Gen. Laws ch. 268, § 32B(a)(1)-(2), divisible,[1] the government failed to satisfy its burden to establish the prong under which the Petitioner was previously convicted. *Id.* at *4. Likewise, the government in this instant case concedes that it cannot produce the "Shepard-approved" documentation necessary to establish the particular species of Petitioner's predicate offense. Opp. at 21.

Because this court finds the rationale set forth in *Stampley* persuasive, Vasquez's § 2255 petition is hereby ALLOWED. The Court will resentence him at 4pm on October 24, 2016.

---

[1] The second type of resisting arrest, "using any other means which creates a substantial risk of causing bodily injury to such police office or another," fits the unconstitutionally broad residual clause. Mass. Gen. Laws ch. 268, § 32B(a)(2). For the reasons set forth herein, this court need not decide whether the two prongs of § 32B(a) are divisible.

**SO ORDERED.**

/s/ *Timothy S. Hillman*
**TIMOTHY S. HILLMAN**
**DISTRICT JUDGE**